# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES SANCHEZ CARDENAS,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM MUNIZ,<br><br>  Respondent. | Case No.  1:15-cv-01405-GSA-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 3) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 17, 2015, Petitioner filed a motion for appointment of counsel.  (ECF No. 2).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because the petition raises very serious

1 constitutional claims and because Petitioner does not have the ability to adequately present the
2 issues. Petitioner does not demonstrate a likelihood of success on the merits at this time such
3 that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at
4 954. The Court does not find that the interests of justice require the appointment of counsel at
5 the present time.

6      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of
7 counsel is DENIED without prejudice.

IT IS SO ORDERED.

   Dated:   **September 18, 2015**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE